### *COUGOT vs. RODRIGUEZ.*

The instructions from one partner to another when both are equal in interest, are to be considered in the nature of advice, subject to be deviated from according to circumstances.

APPEAL from the court of the first district.

The facts in this case are fully given in the opinion of the court delivered by MATHEWS, J.

This is a suit instituted on accounts in which the plaintiff claims several items amounting in all to one thousand eight hundred and thirty-one dollars and fifty-three cents. The defendant pleaded in reconvention, and set up accounts by which he attempted to show that the plaintiff was indebted to him, &c. Judgment was rendered in

favor of the original plaintiff for one thousand three hundred and thirty-eight dollars and two cents, from which the defendant appealed.

The contest between the parties arises out of an adventure of goods made from Mobile to Tabasco, in the republic of Mexico. It consisted of Spanish rum and wines, in the greatest part, which at the time were prohibited from being introduced into the ports of that republic. The total value of the goods amounted to six thousand five hundred dollars, for which the defendant gave his notes, payable to the seller by certain instalments. It appears that he had a partner at Tabasco, between whom, himself, and the plaintiff, the adventure was to be divided; three-fourths to each of the former, and one-fourth to the latter. The three taking on themselves, in these ratios, all chances of gain and loss. The shipment of the goods from Mobile to their place of destination, was intrusted to the management of the plaintiff, under instructions from the defendant. This was effected through the agency of another person, who received the goods, less in quantity than had been purchased, and payed about two hundred and

fourteen dollars for cooperage and storage on the pipes and casks, and then caused them to be shipped all at one time, in a vessel which had been chartered in New-Orleans. They arrived at Tabasco and were landed in safety, except twenty-eight pipes of rum, which were seized and confiscated.

The defendant and reconvenor claims, (according to the argument of his counsel in this court,) a deduction from the sum sued for, of the whole amount of cooperage and storage, two hundred and fourteen dollars; one thousand and eighty-two dollars, the value of the goods not delivered by the seller, and three-fourths of eight hundred and forty dollars, the loss of capital by the seizure and confiscation of twenty-eight pipes of Havana spirits, making together one thousand five hundred and nine dollars.

We are of opinion that the evidence of the case authorizes a deduction from the plaintiff's account of the whole value of the deficiency in the goods, say one thousand and eighty-two dollars, and also the sum paid for repairing the pipes and casks, one hundred and twenty-two dollars; this amount being properly charged to the seller, who was bound

to deliver them in good order, and the charges for repairs should have been taken from the price which the purchaser promised to pay. In the account rendered by the plaintiff, which is the basis of his action, he gives a credit for six hundred dollars, deducted from the amount payable for the goods, as being that much deficient. The evidence is not clear in this respect: it is somewhat contradictory, and we are unable to discover any good reasons for coming to a conclusion on this point, different from that of the judge of the district court, which added to the credit of six hundred dollars, four hundred and eighty dollars. The storage was chargeable to the purchaser after the sale, and ought not to be borne by the plaintiff.

The most difficult question remains to be settled, that is whether the whole loss by the confiscation of the twenty-eight pipes of Havana spirits, should be suffered exclusively by the plaintiff, or be borne by all the partners in the adventure, in proportion to their respective shares.

The same instrument which contains the instructions given by the defendant to the plaintiff, conveys to the latter an interest of

one-fourth in the goods which were purchased by the former, and constitutes him a partner in the commercial adventure to that amount, taking on himself the chances of gain or loss. After thus becoming a partner, he acquired a right to conduct the business of the concern. In truth the duty of chartering vessels, receiving the merchandize from the vendors, and shipping it to the place of destination, devolved on him by express agreement, and for this purpose he was authorized to employ an agent, as appears by the terms of the instructions, whereby he was requested to give certain orders to the person whom he might commission to receive and ship the goods. Situated as these parties were in this business, being partners, it is proper to consider the instructions given by the defendant, in the nature of advice from one person to another, when both are equal in power and interest, and subject to be deviated from should circumstances require or point out a different course of proceeding, as probably more beneficial. The great objection to the conduct of the acting partner or his agent, in relation to the adventure undertaken, is in shipping the goods all at the same time in one vessel, in-

The instructions, from one partner to another when both are equal in interest, are to be considered in the nature of advice, subject to be deviated from according to circumstances.

stead of two, or in the same vessel at different times, as advised by the defendant, in order to avoid or elude the risk of landing them in contravention of the laws of Mexico.

When we take into consideration that these goods were reduced one-sixth part in quantity, and the high rate of freight at which they would necessarily be carried by dividing the remainder, and sending it at different times, as it would have been necessary to charter a vessel for each trip at the rate of twelve or thirteen hundred dollars per voyage, we are not ready to admit that any fault has been committed by the plaintiff in the manner adopted by his agent for the transportation of this merchandize.

The loss (as estimated) by confiscation, is eight hundred and forty dollars. Now the costs of a second voyage, if it should have been any thing like the first, would have amounted to more than this sum: and had not the goods been divided in their shipment, the loss would have inevitably occurred.

This is however determining the prudence of the measures resorted to by the plaintiff, rather by their result; than by previous probabilities, which is perhaps not a

Eastern District.
June, 1830.

Gougot
vs.
Rodriguez.

bad test of judgment and discretion in mercantile pursuits.

There appears to be a small error in the judgment of the district court, arising from a mistake in calculation. The aggregate of the sums claimed by the plaintiff is one thousand eight hundred and thirty-one dollars and fifty cents; the deduction from that sum, which in our opinion should be made, amounts to six hundred and four dollars, leaving a balance of one thousand two hundred and twenty-seven dollars and fifty cents.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoid reversed and annulled. And it is further ordered, adjudged and decreed, that judgment be here entered in favor of the plaintiff and appellee, for the sum of twelve hundred and twenty-seven dollars and fifty cents, (1227 50) and that he pay the costs of this appeal; those of the court below to be borne by the defendant and appellant.