EASTERN DIS.
*March*, 1834.

HAGAN ET ALS.
*vs.*
FOWLER.

Damages will not be given where the appellant can be supposed to have entertained an honest doubt.

HAGAN ET ALS. *vs.* FOWLER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A common interest in personal property, to be sold on joint account, constitutes a commercial partnership for the particular adventure; and any act fairly and honestly done, by one member of such partnership, is binding on the other.

The plaintiffs claim of the defendant the sum of two thousand four hundred and eighty-nine dollars, and fifty cents, being the amount of monies advanced, on account of the defendant, by the plaintiffs, in the year 1826, to John Flack, of New-York, for the defendant's one-third of losses on one hundred and seventy-five bales cotton, owned by Flack, the plaintiffs and the defendant, and shipped on their joint account, from New-Orleans to New-York, and thence to Liverpool, in the fall of the year 1825.

The defendant pleaded the general issue. He also pleaded that in the year 1825, he, and the said John Hagan & Co., shipped from New-Orleans on board the ship North America, on joint account, (the interest of John Hagan & Co., being two-thirds, and that of your respondent one-third,) to the city of New-York, there to be sold, one hundred and seventy-five bales of cotton, which upon arrival at New York, aforesaid, in the said ship North America, ought to have and would have brought, (after deducting all charges) the sum of sixteen thousand one hundred and sixty-two dollars and eighty-eight cents; one-third of which sum, to wit: five thousand three

EASTERN DIS.
*March*, 1834.

HAGAN ET ALS.
*vs.*
FOWLER.

hundred and eighty-seven dollars and sixty-two cents, would have been the proportion of the defendant, that said John Hagan & Co. did not sell the said cotton as they should have done, (having the entire control thereof,) and as by the agreement between them and him they were bound to do: That he received from said John Hagan & Co., at the time of said shipment, four thousand three hundred and ninety-one dollars and thirty-five cents, leaving a balance of nine hundred and ninety-six dollars and twenty-seven cents still due, which he claimed in reconvention.

*John Flack* testified that at New-York, in the summer of 1825, the market was dull; that in June and July, 1825, the cotton market was very bad, and prices mostly nominal; that whenever a sale of the article was effected, it was generally at a price considerably lower than previous rates. The condition of that part of the community in New-York, engaged in the cotton business, was very precarious; the dealers in that article were looked upon with great suspicion, and confidence as to credit and stability among the whole of the mercantile community, was very much impaired. It was considered unsafe to sell on credit, and unless a cash purchaser could have been found, the witness could not under the then existing state of things, with prudence, have effected a sale of said cotton. This state of things continued until after the cotton had been trans-shipped at the port of New-York for England. The best disposition which could have been made of the cotton, in the then state of the cotton market, was the one which was in fact made of it, viz: to trans-ship it to Liverpool; that as he had a personal and direct interest, he used his best endeavors to make the most of it, and to turn it to the best account. It appears that the principal partner of the plaintiffs was at New-York at that time, and concurred in this act.

It is also in evidence from several extensive merchants, that their agents to whom the cotton was shipped that year for sale at New-York and Philadelphia exercised the discretion of shipping it to Liverpool, thereby occasioning heavier losses.

The judge *a quo* gave judgment for the defendant for the costs.   The plaintiffs appealed.

*Peirce*, for plaintiffs and appellants, contended,

1. That the jury erred in considering the parties not partners.

2. That plaintiffs were bound to use a sound discretion, which having done, as is allowed by the court, the defendant was bound.

3. The law and evidence of the case are in favor of the plaintiffs.

*J. Slidell*, for defendant and appellee.

MATHEWS, J., delivered the opinion of the court.

In this case the plaintiffs claim the reimbursement of money, which is alleged to have been paid by them for and on account of the defendant.   Judgment was rendered for the latter in the court below, from which the former appealed.

The facts of the case show that the plaintiffs and defendant had a common interest in one hundred and seventy-five bales of cotton, the latter being interested to the amount of one-third, that this cotton was shipped from New-Orleans to New-York, in the summer of 1825, to be disposed of on joint account; that the consignee and factor of the parties, Flack, who it seems took an interest of one-third in the adventure, by consent of the plaintiffs who were interested to the amount of two-thirds, did not sell or otherways dispose of the cotton immediately on its arrival in New-York, but waited the coming of John Hagan to that city.   On his arrival the market for this article was bad, and great want of confidence prevailed in regard to the solvency of persons who were disposed to purchase; the customary credit in sales of cotton was ninety days.   Under these circumstances Hagan and Flack, who had become interested, as above stated, determined to reship the cotton and send it to Liverpool, where it was sold at a considerable loss on the original cost in New-Orleans. One third of this loss, which has been paid by the plaintiffs

40

A common interest in personal property, to be sold on joint account, constitutes a commercial partnership for the particular adventure; and any act fairly and honestly done by one member of such partnership, is binding on the other.

for the defendant, they claim from him in the present action.

The first, and perhaps the only question of law arising out of these facts is, whether the plaintiffs and defendant may properly be considered as commercial partners, in relation to this adventure? This question was decided by the court below in the negative, and consequently judgment rendered in favor of the defendant.

If the doctrine assumed by the Supreme Court, in the case of *Purdy et al.* vs. *Hood et al.* 5 *N. S.* 626, and that of *Gougot* vs. *Roduquez*, 1 *La. Rep.* 508, be legally sound and orthodox,(which we believe to be true,) then we are constrained to say, that the District Court erred in its solution of the question as propounded, and consequently erred in its final conclusion and judgment on the whole cause. We hold that the parties to the present action were commercial partners *quo ad* the adventure in cotton, as stated in the petition, and that as such, any acts done by one of them, fairly and honestly, are binding on the others. It is not pretended that any thing fraudulent occurred in the present instance, nor does the testimony on record show any gross negligence in the conduct of the acting parties, such as might possibly in equity, and according to fair dealing, throw the whole loss on them. The authority cited on the part of the defendant, from Kent's Com., we consider as inapplicable to the present case. The author states distinctions in relation to the powers and disabilities of simple part owners of property, and partners in a commercial transaction, and the different rights arising out of those distinctions. But as has been already stated, we are of opinion that the evidence in the case, now under consideration, fully establishes the parties to be partners, and subjects them to the government of rules relating to partnership in trade.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and it is further ordered, adjudged and decreed, that the plaintiffs and appellants do recover from the defendant and appellee, the sum of two thousand four hundred and sixty-four dollars, with costs in both courts.