### JOSEPH LALLANDE v. BARTHELEMY BOUNY.

One or two partners in a particular adventure, may renew a note given by a purchaser of the partnership property, without exceeding his authority as a partner.    Whatever he does fairly and honestly, before the final consummation of the business, will be binding on his co-partner.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. Janin*, for the plaintiff.

*Canon*, for the appellant.

BULLARD, J.    This controversy grew out of a speculation of the parties in bank stock, on joint account.    A certain number of shares was purchased by them, Lallande furnishing the capital, and the defendant acting as the broker in making the purchase and sale.    They were ultimately sold, at a loss, to Garnier, who gave three notes endorsed by Achille Murat.    These notes were given over to Lallande, who had made the advances, and Bouny paid his portion of the loss sustained by the parties.    The notes were not paid at maturity, but were renewed without objection, at least on the part of Bouny, who when applied to by Garnier, referred him to Lallande.    After several renewals, with curtailments, they were finally protested for non-payment.    Lallande having had them discounted in bank, took them up, after protest; and the present action is brought to recover of Bouny one-half of the amount, as a further loss to be borne equally by the partners.

The District Court being of opinion, that the notes continued to be at the risk of both parties—that Lallande had not exceeded his discretionary power as a partner, and that the plea of novation was not sustained by the evidence, gave judgment for the plaintiff, and the defendant has appealed.

His counsel contends, in this court, that since the settlement between the parties, and the payment of the loss sustained on the sale of the stock, Bouny had ceased to be the partner of the plaintiff; that he was either discharged from all liability towards Lallande, having paid his share of the loss, and Lallande having been reimbursed his advances by the notes of Garnier endorsed by Murat, which were then good, or was at most the contingent and eventual debtor of Lallande in case the notes were not paid at

maturity; and that, on the last hypothesis, the plaintiff must be regarded as the agent of both parties for the collection of the money.

This argument is certainly ingenious; but appears to overlook the important fact, that when the notes were taken by Bouny for the price of the stock, they became the *joint* property of the partners, and there is no evidence to show that Lallande consented to receive them as cash, and to discharge Bouny from any further liability. On the contrary, a witness who had an agency in the transaction testifies, that the notes were not taken in payment of the amount advanced by Lallande; but that they were taken for collection on joint account, the defendant continuing to run his risk for one-half of the loss which might result from the transaction..

Such being the case, the question is, whether in renewing the notes in the first instance, or in any transactions in Florida, Lallande has novated the debt, or exceeded the power which his relations with Bouny conferred on him.

According to the defendant's own statement of the case, which was prepared to be submitted to arbitrators, and which is in the record, it appears, that when Garnier applied to him to renew the notes, he answered that it no longer concerned him; that he (Garnier) knew the vendor, and might see him on the subject; that having occasion, afterwards, to see Lallande on other business, he learned from him, that the first note had been renewed, with a curtailment of $800, to which he (Bouny) said: "you have done wrong, for he called upon me to do it, and I refused, not being disposed to do so."

Upon this statement it may be remarked, that Bouny's censure of the plaintiff for renewing the note does not well accord with his present pretensions that he had no longer any interest in the matter, and shows that, at that time, he considered himself as still interested. But further, instead of refusing, and giving notice to Lallande of his refusal and of his reasons for it, it appears from the statement that he referred Garnier to Lallande, without making known any objections which he may have had.

Under all the circumstances disclosed by the evidence, we are

of opinion that Lallande, in renewing the notes, did not exceed his authority as a partner.

But it appears that Lallande brought suit in Florida against the endorser, Murat, and obtained judgment in his own name, and that Garnier died utterly insolvent. The correspondence in the record, in relation to the business, shows that the judgment was recovered against Murat, and that Gadsden has given certain drafts on Charleston for the purpose of paying the judgment; but that difficulties have arisen between him and the plaintiff on that subject, which do not appear to have been finally adjusted at the time of the trial in the court below. But we do not find in that correspondence, nor in the statements of the witnesses, that the recourse either upon Murat, or Gadsden, has been impaired, to the prejudice of the defendant; and the District Court has reserved his right to participate in any future advantages to be obtained in the prosecution of that negotiation, and of the judgment against Murat. Civil Code, art. 2833.

The parties to this suit must be regarded as partners in a particular adventure or speculation; and whatever was done fairly and honestly by one of them, until the final consummation of the business, is binding on the other. 6 La. 311.

*Judgment affirmed.*